[Civ. No. 2104. Fifth Dist. Aug. 29, 1975.]

LEE RATCLIFFE et al., Plaintiffs and Appellants, v.
EDWARD PEDERSEN, Defendant and Respondent.

90

92

## COUNSEL

Bradley, Conn & Hicks and Lloyd L. Hicks for Plaintiffs and Appellants.

Hahesy & Ward, Webb, Pike, Burton & Carlson, L. Edward Ward and Lloyd J. Webb for Defendant and Respondent.

## OPINION

**GARGANO, J.**—Appellants are residents of the State of California. Respondent is an importer of foreign-made motorcycles and a domiciliary of the State of Idaho. Appellants brought this action in the Superior Court of Tulare County for breach of contract and misrepresentation. The complaint, in two causes of action, alleged that respondent breached his oral agreement to make appellants the northern California distributor for respondent's imported "Wildcat" motorcycles and that respondent made numerous misrepresentations in connection with the distributorship.

Respondent made a special appearance in the superior court to quash service of summons; by affidavit, respondent averred that he never had been a domiciliary of California and that he never resided in this state or transacted any business with appellants.

At the hearing on the motion to quash service of summons, respondent testified that in 1969 he commenced to import "Wildcat" motorcycles

from Taiwan and Japan and in the beginning sold the motorcycles in his chain of stores in Idaho. He said that in 1970, he was contacted by Frank Wheeler, a resident of Lancaster, California, and Wheeler agreed to purchase the motorcycles from respondent for resale throughout the country. Thereafter, respondent stored the foreign-made motorcycles in a warehouse in California, and Wheeler purchased the vehicles and marketed them at his own pleasure. Respondent related that the motorcycles were released to Wheeler from the California warehouse, that when Wheeler picked up the vehicles they were his complete responsibility, that Wheeler did not work on a commission basis and could sell the motorcycles at any price he wished and that respondent had no dealings with appellants or anyone else to whom Wheeler sold the motorcycles. Respondent admitted that in 1970 and 1971, he sold approximately 400 motorcycles to Wheeler and that he had obtained a license to sell the vehicles in California. Respondent also admitted that during 1970 and 1971, he visited Wheeler in Lancaster on several occasions and that possibly on one occasion either his secretary or his son received a telephone call from appellants to ship motorcycle clutches to them in California.

Appellants, on the other hand, offered evidence to show that Frank Wheeler had told them that he was respondent's partner, and that Wheeler had stated that he also was the sales representative for the partnership and that it was his duty as sales representative to set up distributorships for the partnership throughout the country. Appellants also offered evidence to prove that on one occasion they contacted respondent in Idaho by telephone about some defective clutches and that respondent replaced the clutches.

At the conclusion of the hearing, the court granted respondent's motion to quash service of summons. This appeal followed.

A California court may exercise jurisdiction over a nonresident defendant only within the perimeters of the due process clause of the United States Constitution as delineated by the decisions of the United States Supreme Court. (*Martin* v. *Detroit Lions, Inc.,* 32 Cal.App.3d 472, 475 [108 Cal.Rptr. 23]; *Michigan Nat. Bank* v. *Superior Court,* 23 Cal.App.3d 1, 6 [99 Cal.Rptr. 823]; see Code Civ. Proc., § 410.10.) Consequently, "[a] defendant not literally 'present' in the forum state may not be required to defend [himself] in that state's tribunal unless the 'quality and nature of the defendant's activity' in relation to the particular cause of action makes it fair to do so." (*Buckeye Boiler Co.* v.

*Superior Court,* 71 Cal.2d 893, 898 [80 Cal.Rptr. 113, 458 P.2d 57]; see *Hanson* v. *Denckla,* 357 U.S. 235, 253 [2 L.Ed.2d 1283, 1297, 78 S.Ct. 1228, 1240]; *McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 222 [2 L.Ed.2d 223, 225, 78 S.Ct. 199, 201]; *Internat. Shoe Co.* v. *Washington,* 326 U.S. 310, 316-319 [90 L.Ed. 95, 101-104, 66 S.Ct. 154, 158, 161 A.L.R. 1057].)

Stated in another manner, ". . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 158]; see *Arnesen* v. *Raymond Lee Organization, Inc.,* 31 Cal.App.3d 991, 996 [107 Cal.Rptr. 744].)

■ A distinction is made between a cause of action which has arisen out of or in connection with a defendant's forum-related economic activity and a cause of action which is entirely distinct from that activity. When the cause of action arises out of the forum-related economic activity, the forum state will entertain jurisdiction over the nonresident defendant; in fact, an isolated act of economic activity, such as the making and performance of a contract in the forum state, may be sufficient to accord the forum state jurisdiction over the defendant when the cause of action is related to that isolated act of economic activity (*McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199, 201]; *Martin* v. *Detroit Lions, Inc., supra,* 32 Cal.App.3d 472, 475); but where the cause of action is entirely distinct from the forum-related economic activity, the defendant cannot be sued in the forum state unless that economic activity has reached ". . . such extensive or wide-ranging proportions as to make the defendant sufficiently 'present' in the forum state . . ." to support jurisdiction over him. (*Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 898-899; see *Perkins* v. *Benguet Consolidated Mining Co.,* 342 U.S. 437, 445-447 [96 L.Ed. 485, 492-494, 72 S.Ct. 413, 418-419]; *Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 317-318 [90 L.Ed. 95, 102-103, 66 S.Ct. 154, 159].)

■ We turn to the court's order quashing service of summons with these constitutional principles in mind.

Respondent cannot deny that he was carrying on economic activity in this state when the events described in appellants' complaint transpired;

he was not only selling foreign-made motorcycles to Wheeler, a California resident, for resale in California and throughout the country, but the motorcycles were stored in a California warehouse and released to the California resident from the warehouse whenever Wheeler furnished appropriate letters of credit. Nor can respondent deny that his economic activity in this state had not reached "extensive or wide-ranging proportions" during the period from 1970 to 1971; respondent sold Wheeler approximately 400 motorcycles, and these sales represented his entire motorcycle business. Respondent argues that the lower court properly refused to entertain jurisdiction over appellants' lawsuit because the causes of action alleged in the complaint were entirely distinct from his forum-related economic activity, thus not bringing the case within the "minimum contact" rationale of McGee v. International Life Ins. Co., supra, 355 U.S. 220, 223 [2 L.Ed.2d 223, 226]. (See also Martin v. Detroit Lions, Inc., supra, 32 Cal.App.3d 472, 475.) This thesis is predicated upon the fact that respondent denied having any direct contacts with appellants and denied that Wheeler was his agent. Respondent then argues that the wide-ranging economic activity rule articulated in Buckeye Boiler Co. v. Superior Court, supra, 71 Cal.2d 893, 901-902, which permits the forum state to acquire jurisdiction over a nonresident defendant where the cause of action is unrelated to his activity in the forum state, is inapplicable because appellants' causes of action are founded on contract and because respondent is an individual, not a corporation; respondent would have us restrict the wide-ranging economic activity rule to tort actions and corporations.[1]

We are not persuaded by respondent's argument that the causes of action alleged in appellants' complaint were unrelated to respondent's economic activity within California. ▇ When seeking to invoke jurisdiction based upon minimum contacts, it is enough to show that the cause of action is "sufficiently connected" with the forum-related activity so that it cannot be said that the cause of action is "entirely distinct" from that activity. (See Perkins v. Benguet Consolidated Mining Co., supra, 342 U.S. 437, 447 [96 L.Ed. 485, 493]; Buckeye Boiler Co. v. Superior Court, 71 Cal.2d 893, 899 [80 Cal.Rptr. 113, 458 P.2d 57].) One test is to ascertain whether the economic activity put in motion the events which ultimately gave rise to appellants' cause of action. Under this test, the cause of action is "sufficiently connected" with the defendant's forum-related activity whenever there is a causal connection between the

---

[1]On this point, respondent seemingly ignores the fact that appellants' second cause of action to recover damages for misrepresentation and deceit sounds in tort.

two in the sense that the cause of action would not have arisen except for the economic activity.

. It seems very clear to us that appellants' causes of action meet this test. Respondent was importing large quantities of foreign-made motorcycles for resale in California and storing the vehicles in a California warehouse for delivery to Frank Wheeler on presentation of appropriate letters of credit; he also knew that Wheeler was setting up distributorships throughout the state to promote the sale of the vehicles to California residents. It was respondent's economic activity in California which put in motion the events which gave rise to appellants' causes of action and, hence, there was a causal connection between the causes of action and respondent's economic activity. In short, while the trial judge found no agency relationship between respondent and Wheeler, this issue went to the very core of the lawsuit and was not determinative of the jurisdictional question. To hold otherwise would unduly narrow the jurisdictional perimeters of California tribunals to try lawsuits involving disputes between California residents and nonresidents, to the detriment of the California residents; it would invite trial judges to consider, at jurisdictional hearings, disputed factual questions better resolved at trials on the merits instead of limiting their function to deciding questions of fact relating to the jurisdictional issue.

 Neither is there any validity to respondent's position that the "wide-ranging economic activity" rule adopted by the California Supreme Court in the *Buckeye Boiler* opinion should be restricted to tort actions and to corporations. This rule is grounded on the proposition that when a nonresident engages in repeated, extensive and widespread economic activity in a state, he is present in that state in the economic sense and that it does not offend "traditional notions of fair play and substantial justice" to require the nonresident to defend in the state's tribunals any cause of action arising in that state, whether the cause of action is connected to the nonresident's forum-related activity or not. The rule equates extensive economic activity within the state with physical presence and adheres to the viewpoint that a nonresident who is present in California, economically, like a person who is present, physically, can be sued in this state's tribunals as to any cause of action arising in California even though the cause of action is not related to the nonresident's economic activity in California. It is very clear that the ratio decidendi of this rule forecloses any possible distinction between a cause of action based upon tort and one based upon contract. (See *Perkins* v. *Benguet Consolidated Mining Co., supra,* 342 U.S. 437.) It also

forecloses any possible distinction between corporations and private individuals. (Cf. *Owens* v. *Superior Court,* 52 Cal.2d 822, 831 [345 P.2d 921, 78 A.L.R.2d 388]; *Titus* v. *Superior Court,* 23 Cal.App.3d 792, 800 [100 Cal.Rptr. 477].)

▮ We hold that the Superior Court of Tulare County has jurisdiction to entertain appellants' lawsuit under both the "minimum contacts" rationale of *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226], and the "wide-ranging economic activity" rule articulated in *Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 901-902. Respondent, a reputable dealer in sporting goods with a chain of stores in Idaho, used California's channels of commerce to sell more than 400 foreign-made motorcycles to his substantial benefit; respondent knew that Frank Wheeler was setting up distributorships throughout California to promote the sale of the motorcycles, and he should have foreseen the likelihood that Wheeler would use respondent's name and reputation to set up the distributorships; all of the events referred to in the complaint occurred in this state and would not have arisen except for respondent's activity in the state. When these factors are viewed in light of California's interest in having the lawsuit tried here, it is not unreasonable to require respondent to defend in a California tribunal. (*Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 899-900; *Fisher Governor Co.* v. *Superior Court,* 53 Cal.2d 222, 225-226 [1 Cal.Rptr. 1, 347 P.2d 1].)

The order is reversed.

Brown (G. A.), P. J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.