[Civ. No. 51454. Second Dist., Div. Three. Sept. 30, 1977.]

STAR AVIATION, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MARC NELSON et al., Real Parties in Interest.

808

**COUNSEL**

Engstrom & Lipscomb and Lee G. Lipscomb for Petitioner.

No appearance for Respondent.

Ned Good and Ian Herzog for Real Parties in Interest.

**OPINION**

**COBEY, J.**—Petitioner, Star Aviation, Inc., requests a writ of mandate directing respondent superior court to vacate its order denying petitioner's motion to quash service of summons and to enter a new order granting its motion. (See Code Civ. Proc., § 418.10.) On July 22, 1977, we issued an alternative writ of mandate and set the matter for hearing.

The issue presented by this petition is whether California, consistent with the due process clause of the United States Constitution, may assert jurisdiction over a nonresident corporation whose allegedly tortious acts occurred outside the state. For the reasons set forth below, we have determined that California may not assert jurisdiction over petitioner.

FACTS

The action underlying this lawsuit arises out of a plane crash which occurred on December 26, 1975, near Granby, Colorado, on a charter flight of approximately 25 miles from Denver, Colorado, to Granby, Colorado. Plaintiffs therein, then residents of New Jersey and Massachusetts,[1] filed suit in California against petitioner, operator of this plane, for

---

[1] Plaintiffs assert in their reply to the petition that one of the plaintiffs is now a California resident. At the time of the crash, however, none of the plaintiffs were such.

the wrongful death of Stewart Nelson, a California resident killed in the plane crash.[2] Petitioner moved to quash service of summons upon it for lack of jurisdiction over its person. The trial court denied the motion and held that sufficient contacts existed for California to subject petitioner to such jurisdiction.

Petitioner, a Colorado corporation, is a small localized air charter operator located in Denver, Colorado. It has never been licensed to do business in California and it has never had agents, personnel, offices or property within California. It has never advertised nor solicited business in California. The decedent in the present case sought out the services of petitioner when he was in Colorado. Petitioner's sole connection with this state is that since its incorporation ten years ago, petitioner's planes have made three landings in the state, one in 1974 and two in 1975. The passengers on those flights were Colorado residents. Much of petitioner's business, however, has consisted of carrying passengers from all over the United States from Denver to various ski resorts' in the Colorado Rockies. The decedent was such a passenger.

## DISCUSSION

A California court may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) The United States Supreme Court has defined the parameters of a state's power to compel nonresidents to defend suits brought against them in a court of that state. (*Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057].) ■ Generally, a state may not exercise jurisdiction over a nonresident defendant unless his or her relationship to the state makes such exercise reasonable. (*Id.* at p. 320 [90 L.Ed. at p. 104].) A court may exercise jurisdiction over a nonresident for all causes of action if his or her activities are "extensive or wide-ranging" (*Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57]) or "substantial . . . continuous and systematic." (*Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437, 447-448 [96 L.Ed. 485, 493-494, 72 S.Ct. 413].)

[2]We note that petitioner has also been required to appear and defend in the Colorado federal court in both a companion case (*Ross* v. *Star Aviation, Inc.*, United States District Court for the District of Colorado, Civil Action No. 77-395) and in another case filed by plaintiffs (*Nelson* v. *Star Aviation, Inc.*, United States District Court for the District of Colorado, Civil Action No. 77-A-394).

■ Based on the facts of this case, it is clear that California does not have general jurisdiction. It cannot be said that petitioner's activities within California are extensive, wide-ranging, substantial, continuous and systematic. In *Cornelison* v. *Chaney,* 16 Cal.3d 143 [127 Cal.Rptr. 352, 545 P.2d 264], our Supreme Court held that there was no general jurisdiction. (*Id.* at p. 149.) The defendant there had made twenty trips a year into California over the previous seven years, had an independent contractor relationship with a local broker, and held a California Public Utilities Commission license. If there was no general jurisdiction in *Cornelison,* clearly there is no general jurisdiction in the present case since petitioner's only contact with the forum state of California is that its planes landed in California three times in the last ten years.

■ Even if general jurisdiction does not exist in a specific case, a court may have limited jurisdiction over a specific transaction. (*Id.* at pp. 147-148.) This limited jurisdiction essentially turns upon three factors: (1) whether the cause of action "arises from" or is otherwise "connected with" defendant's forum-related activities; (2) the burdens on the parties in trying the action in the forum state; and (3) the interest of the forum state in assuming jurisdiction. *(Ibid.)*

■ We must therefore consider whether the court has limited jurisdiction over this cause of action. First, this cause of action cannot be said to arise from or be connected with petitioner's forum-related (California) activities. Each of the charter flights was independent of the others. The plane involved in this lawsuit which crashed in Colorado is not connected with the three previous California landings. Moreover, the decedent boarded the fatal flight in Colorado.

Plaintiffs assert that California does have jurisdiction because petitioner may reasonably foresee that California residents will come to Colorado to use its facilities. (See *Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d at p. 893 [80 Cal.Rptr. 113, 458 P.2d 57].) In *Buckeye Boiler Co., supra,* the California Supreme Court held that this state had jurisdiction over a nonresident corporation where the defendant sold machinery to a company in South San Francisco and it was reasonably foreseeable that this machinery would be resold or used in California and injure a resident. The court found that, based on these actions, the defendant was purposefully engaging in economic activity in California. (*Id.* at p. 904.) In the present case, however, petitioner has performed no purposeful activity in California connected with this cause of action.

Secondly, we must examine the relative burdens on the parties in trying the action in the forum state (California). Since petitioner is based in Colorado, there is a burden on it in trying the case in California. Moreover, two other related suits are already on file in the federal district court in Colorado. The burden of trying the same cause of action in two different jurisdictions would be alleviated if the action underlying this lawsuit were tried in Colorado. Furthermore, at the time the cause of action of the underlying litigation arose, there was no California plaintiff and all plaintiffs but one are still residents of New Jersey and Massachusetts. Additionally, Colorado is a more convenient forum for both plaintiffs and petitioner for the trial of the liability issue since the sources of proof on this issue are essentially located in Colorado where the cause of action arose.

Thirdly, we must determine whether the forum state (California) has an interest in assuming jurisdiction. Although the decedent was a California resident, the state is no longer interested in protecting his interest. Rather, the wrongful death action is an original and distinct cause of action granted to the heirs and personal representatives of a decedent to recover damages sustained by the heirs, as specially defined in Code of Civil Procedure, section 377, subdivision (b), by reason of wrongful death. (*Garcia* v. *State,* 247 Cal.App.2d 814, 816 [56 Cal.Rptr. 80]; *Van Sickel* v. *United States* (9th Cir. 1960) 285 F.2d 87, 90.) At the time the cause of action sued upon arose, none of the plaintiffs was a California resident. Thus, California has no interest in protecting the rights of its residents in this case. Moreover, this state has little or no interest in regulating petitioner's business activities.

Therefore, for the reasons stated above, California does not have jurisdiction in this case and the trial court erred in refusing to quash the service of summons.

## DISPOSITION

The peremptory writ of mandate is granted.

Ford, P. J., and Potter, J., concurred.