[Civ. No. 58322. Second Dist., Div. Four. Apr. 22, 1980.]

SPIRITS, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
CHERYL DELIBERTO, Real Party in Interest.

COUNSEL

Murchison & Cumming and Bonnie S. Bass for Petitioner.

No appearance for Respondent.

Howard Allen Levy, Harold I. Weiner and Elia J. Castranova for Real Party in Interest.

OPINION

**KINGSLEY, Acting P. J.**—This petition for writ of mandate pursuant to Code of Civil Procedure section 418.10, subdivision (c) seeks review of the January 9, 1980, order of the superior court that denied the motion of the nonresident defendant corporation to quash service of summons on the basis that defendant's sale in Arizona of a bottled soft drink to a California resident, resulting in personal injury in Arizona, does not constitute a basis for California jurisdiction over defendant.

## I. *Facts*:

### A. *The Complaint*

On or about December 11, 1978, real party in interest, Deliberto, filed her complaint, which on the record presented appears to have been unverified, against petitioner Spirits, Inc., and others, seeking damages on various theories of liability for personal injuries sustained by her when a Pepsi-Cola bottle purchased by her at the liquor store operated by Spirits in Bullhead City, Arizona, exploded in her hand near Lake Mojave, Arizona, on or about July 1, 1978. The complaint also named as defendants the California-based companies that allegedly manufactured the Pepsi-Cola bottle, and the regional bottler and distributor that allegedly supplied the bottle to Spirits at Bullhead City, Arizona.

The complaint does not allege any specific business activities of Spirits within the State of California. Service of process was effected in Arizona. Neither the complaint nor any verified declaration submitted by the plaintiff avers that she was or is now a California resident. However, Spirits affirmatively conceded in its moving papers that it believed the plaintiff was a California resident. In view of this concession, it appears that the plaintiff is relieved of the burden she would otherwise have of proving that fact.

### B. *Petitioner's Motion to Quash and Supporting Declarations*

Spirits appeared specially and moved, pursuant to Code of Civil Procedure section 418.10, to quash service of the summons and complaint due to the absence of sufficient contacts between it and the State of California to justify assumption by California of personal jurisdiction under Code of Civil Procedure section 410.10.

The declarations submitted in support of the motion to quash aver that Spirits, Inc., is a corporation incorporated and existing under the laws of the State of Arizona; that it has no authorization to do business in California; that it does not, and never has, owned real or personal property in California; that it has no sales representatives or persons soliciting business or advertising in California; that it purchases all of its liquor and cigarettes and the majority of its foodstuffs in Arizona; that it has its principal place of business, Holiday Liquors, located on Highway 95 in Holiday Shores/Bullhead City, State of Arizona; and that it has no other contacts with California.

## C. *Real Party's Opposition and Supporting Declaration*

The plaintiff opposed Spirits' motion to quash on the ground that the merchants of Bullhead City, Arizona, depend for their livelihood upon the trade of California residents traveling through this border town and thus know "for a certainty" that California residents would purchase goods in that town and could suffer injury therefrom. Thus, the "economic reality" of the business activities of Spirits in Arizona is such as to constitute purposeful activities without California that have a reasonably foreseeable (certain) effect within California, within the standard stated in *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 903 [80 Cal.Rptr. 113, 458 P.2d 57].[1]

## II. *Trial Court's Order*

On the basis of these facts the trial court denied the motion to quash. The hearing on the motion was not reported. Spirits and the real party differ as to the precise statements made by the trial court at the hearing.

## III. *Petitioner's Contentions*

Spirits contends that, under the standards set forth in cases such as *Cornelison* v. *Chaney* (1976) 16 Cal.3d 143 [127 Cal.Rptr. 352, 545 P.2d 264], *Star Aviation, Inc.* v. *Superior Court* (1977) 73 Cal. App.3d 807 [141 Cal.Rptr. 13], and *Cornell University Medical Col-*

---

[1]Since we conclude that, even assuming the existence of the relationship thus alleged, California has no jurisdiction over Spirits, we need not, and do not, consider the contention that the alleged "fact" of "economic reality" is alleged only in conclusionary form (cf. *Lohman* v. *Lohman* (1946) 29 Cal.2d 144, 149 [173 P.2d 657]), nor the contention that answers to interrogatories by a codefendant-distributor of Pepsi-Cola, are relied on to show jurisdiction over this defendant.

*lege* v. *Superior Court* (1974) 38 Cal.App.3d 311 [113 Cal.Rptr. 291], the trial court's application of the law to the uncontroverted facts was a clear abuse of discretion. The mere fact that Spirits' liquor store is located in Arizona on Highway 95 near the California border cannot, as a matter of law, serve as a basis under the "economic reality" rule stated in *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 903 [80 Cal.Rptr. 113, 458 P.2d 57], for the conclusion that Spirits had conducted these activities within California. Spirits notes that plaintiff has alleged in her complaint that the injury complained of occurred in Arizona. Thus, only the irrelevant fact that plaintiff "brought the injury with her" when she eventually returned to California could be asserted as an effect within this state.

Spirits also relies on *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610, 617, 619 [81 Cal.Rptr. 320], in asserting that the mere purchase by it of Pepsi-Cola products from a California-based, franchised, regional distributor that delivers to petitioner's place of business in Bullhead City, Arizona, is by itself insufficient as a matter of law to constitute a purposeful activity by it within California.

## IV.  *Contentions of Plaintiff*

Relying upon the fact of plaintiff's California residence, conceded by Spirits in its moving papers below, plaintiff argues that, under the "economic reality" rule stated in *Buckeye Boiler Co., supra*, the inquiry into the nature and quality of a defendant's activity in the forum should focus on the economic reality that defendant conducts its business near the California border on an interstate highway, depends upon the certainty of trade from California tourists for its economic success, and has purposefully sought such trade by so locating its store.

This argument is but a slight variation of the argument rejected in *Star Aviation, supra*, which is discussed hereafter.

Plaintiff also asserts, as noted above, that defendant's regular purchase of Pepsi-Cola products from a California-based franchised distributor constitutes sufficient activity by defendant in California that is related to the cause of action here alleged.

Finally, plaintiff asserts that *Cornelison, supra*, which involved a personal injury occurring outside California, is controlling on the facts and

compels exercise of limited jurisdiction. However, in claiming that the nonresident defendant in *Cornelison* had fewer related activities in California than does the defendant here, plaintiff was relying upon the acceptance by this court of her prior "economic reality" theory to transform defendant's actual sales in Arizona into sales in California.

## V. *Discussion*

A California court may assume personal jurisdiction over a nonresident corporation "on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.)

The general rules concerning personal jurisdiction, which are standardly recited in most recent California opinions, are predicated upon the concept that a nonresident's relationship to a state must be such as to make assumption of jurisdiction reasonable. (*Hanson v. Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228].) Personal jurisdiction may be exercised under either of two categories, general or limited. █ If the nonresident's "activities within California are extensive or wide-ranging or substantial, continuous and systematic," then general jurisdiction may be exercised as to all causes of action against the defendant, irrespective of whether the particular cause alleged has a direct connection with the defendant's activities within this state. (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].)

█ If, however, the nonresident defendant's activities within this state are not so pervasive as to justify the exercise of general jurisdiction, then the "quality and nature" of the defendant's activity within the state must be evaluated in relation to the particular cause of action alleged. The cause of action "must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. . . . The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction." (*Cornelison*, at p. 148.) The inquiry as to activities within the state should focus upon "economic reality" rather than a mechanical count of contacts appearing from the "outward form of business

transactions." (*Buckeye Boiler Co., supra*, at p. 903.) The "economic reality" test stated in *Buckeye Boiler Co.*, however, was predicated upon the fact of an injury actually physically occurring in California that is directly related to a product sold by a nonresident defendant that consummated substantial sales of such products in this state. No case is cited by plaintiff, other than *Cornelison* which is discussed later, that dispenses with the territorial approach requiring either the injury or the related activity to have occurred in the forum.

It is not disputed that Spirits did not actually sell the subject merchandise to plaintiff in California or that it has not consummated any sales in California, related or unrelated to plaintiff's particular injury. Neither is it disputed that the injury to plaintiff actually occurred in Arizona. Also, as noted above, Spirits' purported purchases of Pepsi-Cola products from a California-based distributor, for delivery at petitioner's Arizona place of business, are not cognizable as activity within California, even assuming that the evidence of such purchases were admissible against petitioner. In *Tiffany Records, supra*, it was held that nonresident defendants who placed orders by telephone and mail to the California resident plaintiff for deliveries of phonograph records to defendants' places of business outside California did not conduct business activities in California that could subject them to the exercise by California of limited jurisdiction.

Manifestly, neither activity within the forum nor a related injury within the forum, the two threshold elements prerequisite to exercise of limited jurisdiction, exist here. Evidently aware of this, the plaintiff seeks to equate the "economic reality" of petitioner's purported great economic advantage from the trade of California residents with actual business activity by petitioner in California. This position, absent actual injury occurring within the forum, has never been accepted by any California opinion. There are, moreover, reasons why it should not be now accepted, as such an extension of the parameters of jurisdiction would subject every merchant in every border city and in every tourist area to actions brought by nonresident tourists who suffer injury during their interstate travels and bring action when they return to their home state.

In *Star Aviation, supra*, the court rejected a virtually identical argument that California had jurisdiction over a nonresident defendant because defendant "may reasonably foresee that California residents will come to Colorado to use its facilities." There a California resident

went to Colorado and there boarded one of the local flights run by the Colorado defendant to a Colorado ski resort area. The flight crashed, killing the California resident. Defendant had no contacts with California other than three landings here within the preceding ten years, each time carrying Colorado residents only.

The *Star Aviation* court observed: "In *Buckeye Boiler Co., supra*, the California Supreme Court held that this state had jurisdiction over a nonresident corporation where the defendant sold machinery to a company in South San Francisco and it was reasonably foreseeable that this machinery would be resold or used in California and injure a resident. The court found that, based on these actions, the defendant was purposefully engaging in economic activity in California. (*Id.* at p. 904.) In the present case, however, petitioner has performed no purposeful activity in California connected with this cause of action." (*Star Aviation*, at p. 811.)

Plaintiff asserts that *Star Aviation* is distinguishable on the facts in that there existed no "certainty" that California residents would employ the defendant's services in Colorado, only a "reasonably foreseeable probability." In contrast, plaintiff claims this court may take judicial notice of the "certainty" that the defendant's business activities in Arizona purposefully "seek," and in fact do receive, great economic advantage from the trade of California residents. Plaintiff sees the distinction between reasonably foreseeable advantage and the certainty of advantage as determinative. This argument, however, seems to miss the determinative point made in *Star Aviation* that, irrespective of the degree of probability of economic advantage to the nonresident defendant, California courts still are not willing to equate the advantage of doing business with California residents outside of California with doing business within the territorial boundaries of this state. California's approach to jurisdiction is still tied to the reality of state territorial sovereignty and requires a literal interpretation of the criterion of "activities *within* the forum."

Finally, as to the contention of plaintiff that *Cornelison, supra*, compels the exercise of the principle of limited jurisdiction, an analysis of that case indicates otherwise.

In *Cornelison* the nonresident defendant had engaged in significantly greater activity within California than did the petitioner here. There the

defendant truck driver had engaged in "a continuous course of interstate conduct" bringing him into California almost twice a month for seven years. He operated under a California license. The accident occurred in Nevada 25 miles from the California border while the defendant was hauling goods en route to California and intended to pick up new cargo here for delivery outside the state. The *Cornelison* court found the Nevada accident so closely connected with the defendant's forum-related activity as an interstate truck driver that limited jurisdiction could fairly be exercised. (*Cornelison, supra*, at p. 149.)

In the present case, however, there is no analogous activity by Spirits within California. Plaintiff's attempt to equate an interstate truck driver with a local business that might rely upon interstate travelers cannot be accepted or any local business conducting its sales near the border of another state or in a recognized tourist area would be subject to the jurisdiction of other states although it avoided any activity in the other state and the alleged injury occurred locally.

Although *Cornelison* might be viewed as a first step away from the traditional territorial theory that at the least the injury to a resident must occur within the resident's forum, that case still adheres to the concurrent requirement that the injury be closely linked to fairly substantial activity by the nonresident defendant in the forum. The proposal by plaintiff that neither the injury nor the defendant's related activity need actually occur in the forum state is not in conformity with the current law in this state. Plaintiff is simply asking for too radical an expansion of the fundamental concepts of fairness in the exercise of jurisdiction.

The issue herein involved has been dealt with by the United States Supreme Court in a case decided after the ruling below. In *World-Wide Volkswagen Corp.* v. *Woodson* (1980) 444 U.S. 286 [62 L.Ed.2d 490, 100 S.Ct. 559], plaintiff, who had purchased an automobile in New York, was injured in an accident that occurred in Oklahoma while traveling from New York to Arizona. In a typical product liability case, she sued, in Oklahoma, the New York sellers and distributors of the automobile involved. The argument for Oklahoma jurisdiction was the same as that here urged for California jurisdiction—namely that it was foreseeable, in light of modern conditions, that an automobile purchased in New York would be involved in an Oklahoma accident. That argument was rejected. We reject the similar contention here.

Let a peremptory writ of mandate issue, directing the respondent court to vacate its order of January 9, 1980, denying the motion to quash service of summons, and to enter a new and different order granting that motion.

Woods, J., and Savitch, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.