[No. 11711.    Department One.—August 5, 1886.]

W. C. CURTIS, PETITIONER, v. SUPERIOR COURT OF YOLO COUNTY, RESPONDENT.

NEW TRIAL—TIME FOR PREPARATION OF STATEMENT—EXTENSION OF BY COURT.—Under section 1054 of the Code of Civil Procedure, where the time for the preparation of a statement on motion for a new trial has been extended by stipulation between the parties, the court has power to grant a further extension, not exceeding thirty days, if the application therefor be made before the time as extended by stipulation has expired.

APPLICATION for writ of mandate.    The facts are stated in the opinion of the court.

*G. P. Harding,* for Petitioner.

*W. D. Grady,* for Respondent.

Ross, J.—It appears in this case that on the day defendant in the action entitled *Wristen* v. *Curtis* gave notice of his intention to move for a new trial, counsel for plaintiff therein extended by stipulation the time for the preparation of the statement to a day beyond the 22d of March, 1886, and on the last-named day the court in which the action was pending, on good cause being shown, but against the plaintiff's objection, made an order extending the time twenty days from that date.

Within the time thus extended, but more than forty days after the notice of motion was given, defendant's counsel prepared and served the statement. The court afterwards became of opinion that the power to grant the last extension was wanting, and therefore refused to settle the statement. The present is an application for a writ of mandate to compel its settlement.

It is, among other things, provided by section 1054 of the Code of Civil Procedure that the time allowed by the code for the preparation of statements on motion for a new trial may be extended, upon good cause shown, by the court in which the action is pending, or a judge thereof; but that such extension shall not exceed thirty days without the consent of the adverse party. The right to extend the time necessarily presupposes that the time allowed by the code has not already expired, but since under the code the parties may by stipulation extend the time for such purpose, it is not important whether its running is kept alive by consent of the parties or by virtue of that provision of the code giving to the moving party ten days after the service of the notice of motion for a new trial within which to prepare the statement. The essential thing is, that the application to the court or judge, if made at all, be made before the time has already expired. If so made and good cause be shown, the court or judge is, we think, authorized to grant an extension, such extension, however, not to exceed thirty days without the consent of the adverse party.

It results from these views that petitioner is entitled to the writ sought. Let it issue accordingly.

McKINSTRY, J., and MYRICK, J., concurred.