[S. F. No. 1947. Department One. — August 24, 1901.]

JOSEPH C. FREESE, Appellant, v. HELEN L. FREESE, Respondent.

NEW TRIAL — STATEMENT PREPARED TOO LATE — VOID EXTENSION OF TIME — APPEAL FROM ORDER. — An extension of time, by the judge, in which to prepare a statement on motion for a new trial, though within the limit of thirty days, is void, if the time previously allowed to the moving party had fully elapsed while the mover was in default. The judge has no authority thereafter to settle the statement; and if settled, it cannot be considered upon appeal from the order denying the new trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, for Appellant.

Davis Louderback, for Respondent.

HARRISON, J.—Appeal from an order denying a new trial.

It is contended by the respondent that the order must be affirmed, for the reason that the appellant did not present the statement to the defendant's attorney within the time allowed therefor, and that, as the judge was not authorized to settle the same, there is no record upon which the order appealed from can be considered.

The notice of intention to move for a new trial was filed and served May 5, 1898. May 19th, the appellant obtained from the judge an order giving him ten days from that date within which to prepare and serve the statement. A similar order was made May 31st, and another on June 11th, in each of which ten days from their respective dates was allowed for the preparation of the statement. The proposed statement was not served upon the defendant's attorney until June 20th, and at the time of serving the same the attorney made the objection that it had not been served in time, and he also made the same objection when it was presented to the judge for settlement. Notwithstanding this objection, it was settled and allowed by the judge.

Under the provision of section 1054 of the Code of Civil Procedure, the judge is authorized to extend the time for preparing a statement on motion for a new trial beyond the time allowed by the code, "but such extension shall not exceed thirty days without the consent of the adverse party." Any extension for a greater period than thirty days gives no right to the moving party. (*Bunnel* v. *Stockton*, 83 Cal. 319; *Wheeler* v. *Karnes*, 125 Cal. 51; *Cameron* v. *Arcata etc. R. R. Co.*, 129 Cal. 279.) It is also essential that any order extending the time shall be made before the party seeking such extension is in default. If he permits the time within which he may act to elapse without acting, any subsequent order giving him time to act will not avail to revive his right to do the act. (*Clark* v. *Crane*, 57 Cal. 629.)

Under the order of May 19th, the time given for serving the statement expired May 30th,— May 29th being Sunday. The order of May 31st was therefore not made until after the plain-

tiff was in default, and it consequently conferred no right to serve the statement. For the same reason no right was acquired by the order of June 11th. The plaintiff's right to serve the statement, as given by the code and the stipulation of the defendant, expired May 19th, and it was not served until July 20th,—more than thirty days after that date. The time within which the service could be made had therefore expired, and the judge was without authority to settle the statement. It follows, therefore, that it cannot be considered upon this appeal.

The order is affirmed.

Garoutte, J., and Van Dyke, J., concurred.