[Civ. No. 729.   Fourth Appellate District.—October 21, 1931.]

MURRAY BOURNE, Respondent, v. ALFRED C. ROOT et al., Appellants.

ALFRED C. ROOT et al., Appellants, v. MURRAY BOURNE et al., Respondents.

Manley C. Davidson, Bradley & Bradley and Archie A. Smith for Appellants.

F. H. Pearson for Respondents.

ALLISON, J., *pro tem.*—The motion to dismiss the appeal in this case is based on the ground that the appellants have not filed their opening brief on such appeal and that the time provided for filing of appellants' brief herein has expired. The transcript was filed on the first day of August, 1931. The time for appellants to file their opening brief expired on the thirty-first day of August, 1931. Notice of presentation of the motion to dismiss the appeal was served and filed on the second day of October, 1931.

It appears from the affidavits filed on behalf of the appellants in opposition to the motion, that Lewis H. Smith was until his appointment as judge of the Superior Court of Los Angeles County, chief counsel for the appellants in this action; that on or about the nineteenth day of August, 1931, he dictated the points and authorities to be filed in this action; that on the twentieth day of August, 1931, he was notified by the Governor of the state of California that he had by him been appointed to said office of judge of the superior court; that on the twenty-first day of August, 1931, he qualified as such judge of the superior court and entered upon the performance of his duties; that on the fourteenth day of August, 1931, there became effective an act of the legislature of the state of California (Stats. 1931, p. 2234) prohibiting judges of the municipal courts from presiding in the Superior Courts of Los Angeles County; that theretofore municipal judges of Los Angeles County had been assigned by the judicial council of the state of California to preside in the various departments of said superior court, in order to relieve the congestion that had arisen in the trying of cases; that after said act of the legislature became effective the congestion of business of said courts began to greatly increase and that he felt it incumbent upon himself to at once assume the duties of his office, which he accordingly did on the twenty-first day of August, 1931; that previous to his induction into office he had arranged with his son Archie A. Smith, an attorney at law who had been associated with him in the practice of law, to take over all of the law business which he had before him, including the carrying on of the appeal in this action; that within a few days after his induction into said office the said Archie A. Smith was by reason of ill health, compelled to stop all legal work

and he has not been able to nor has he attempted to carry on any business whatever since the week following affiant's induction into office. That upon the leave-taking of said Archie A. Smith as aforesaid, he requested Manley C. Davidson, an attorney, to look after affiant's affairs; that he has been much engrossed with the duties of his office and his endeavors to close the affairs which had been entrusted to him; that it was impossible for him to give the attention to the uncompleted matters which he would have been able to do under normal conditions; that in the confusion resulting from the combination of circumstances referred to the typewritten points and authorities of appellants inadvertently remained in the files in his former office and were not sent to the printer or filed herein; that on the eighth day of October, 1931, he received respondent's notice of motion to dismiss this appeal; that thereupon he caused Manley C. Davidson to be substituted as attorney for appellants; that said points and authorities were at once placed with the printer for printing and are now presented to this court, ready for filing herein; that the delay in filing appellants' points and authorities was due solely to his inadvertence and was ·the result of the confusion ensuing from the unusual combination of facts and circumstances above set forth; that this appeal is taken in good faith and in his opinion is of great merit; that Messrs, Bradley & Bradley are appearing as attorneys in the matter of this appeal in name only; and that it was understood and agreed that the appeal would be carried on solely by the affiant. The affidavit of Lewis H. Smith is corroborated in several material respects by the affidavit of the present attorney of record.

Under rule V of the rules governing this court, if the brief is on file at the time the notice of motion to dismiss the appeal is given, that fact alone is sufficient to defeat the motion. If the brief is not filed until after notice of motion to dismiss has been given, unless a reasonable excuse for delay is shown, the appeal will be dismissed. The sufficiency of such showing is a question to be determined by the court (*Carter* v. *Paige*, 77 Cal. 64 [19 Pac. 2]). Where no sufficient excuse is shown, an appeal may be dismissed even though the brief is filed two days after service of the

notice of motion (*Coates* v. *Coates*, 146 Cal. 443 [80 Pac. 694]). In passing upon the sufficiency of the showing made in the case of *Chapman* v. *Bank of California*, 88 Cal. 419 [26 Pac. 608], the court said:

"This shows that the appeal was taken and prosecuted in good faith. The delay in filing the transcript was trifling, and the hearing and decision of the cause on its merits will not thereby be delayed, at least not appreciably. The circumstances which occasioned the delay and oversight of counsel were such as to appeal strongly to the discretionary power of the court, and would, without doubt, have procured an order extending the time for filing the transcript if they had been brought to our attention before the motion to dismiss was made. If so, there is no reason why we may not, after the motion, relieve the appellant from the consequences of his delay. . . . "

While it is true that the rules of the court requiring briefs on appeal to be filed within the time specified undoubtedly confer rights which may be enforced by litigants (*Wood* v. *Messmer*, 39 Cal. App. 108 [178 Pac. 314], and cases there cited), it is equally certain, however, that the rights so conferred are subject to the right and power of the court upon proper showing to relieve the party from his default upon the ground of mistake, inadvertence or excusable neglect. (*Brooks* v. *Union Trust Co.*, 146 Cal. 134 [79 Pac. 843].) In the case of *Pacific Power Co.* v. *State*, 31 Cal. App. 719 [162 Pac. 641, 643], the court said:

"It has often been stated that courts in the determination of such motions as far as possible should lean toward a hearing of the case upon its merits. It may be said also that, manifestly, a large discretion is committed to the court in the exercise of its judgment as to whether a party should be relieved from such default. The rule itself is, of course, somewhat flexible and may be set aside when justice requires it."

The appellants have presented their brief to this court, ready for filing. We have no reason to question the good faith of appellants or their counsel, and we are impressed with the showing made that the appeal has been taken in good faith and the delay has not appreciably, if at all, postponed the hearing of the appeal on its merits.

The motion for relief from default is granted. The motion to dismiss the appeal is denied and the clerk of this court is directed to file the appellants' opening brief.

Barnard, P. J., and Jennings, J., concurred.