[Civ. No. 40514. Second Dist., Div. Four. Apr. 9, 1973.]

INTERDYNE COMPANY, Plaintiff and Appellant, v.
SYS COMPUTER CORPORATION, Defendant and Respondent.

## COUNSEL

Gibson, Dunn & Crutcher and Donald L. Zachary for Plaintiff and Appellant.

Schwartz & Alschuler, Melvin B. Fliegel and Frank M. Kaplan for Defendant and Respondent.

## OPINION

**KINGSLEY, J.**—Plaintiff appeals (pursuant to subd. (c) of § 904.1 of the Code Civ. Proc.) from an order granting the motion of defendant, a foreign corporation, to quash the service of summons on that defendant. For the reasons hereinafter stated, we affirm the order.

Plaintiff is a California corporation, with its principal place of business in Los Angeles County. Defendant is a New York corporation, with its principal place of business in New Jersey. Plaintiff's principal business is the construction of specialized electronic computer components; defendant is engaged in the manufacture and sale of computers into which such components are incorporated.

The relations between the parties began in 1969, when, in New Jersey, K & J Associates, an authorized sales representative for plaintiff,[1] solicited

---

[1] The declaration of Charles G. Liotta, a vice-president of Interdyne, describes the status of K & J as follows:

"K & J Associates are, by no means, Interdyne's exclusive marketing representa-

an order from defendant. This contact resulted in some other small orders,[2] placed through the intermediary of K & J. In 1970, K & J asked plaintiff to submit to defendant a quotation for certain computer equipment.[3] That request led to a series of direct communications between plaintiff and defendant, which ultimately resulted in an order for the goods herein involved.[4] The negotiations between the parties were carried on by letter and by telephonic communications; they continued over several months and involved changes in the original order and revisions of its terms.

Ultimately, plaintiff shipped to defendant goods which it contends were in satisfaction of the 1970 contract, as finally revised. Payment not having been made, the instant law suit was filed.[5]

We note, at the outset, that, apart from the contracts with plaintiff, defendant had no California contacts: In the language of an affidavit filed in support of the motion to quash (not contradicted by plaintiff): "SYS, its officers, agents and employees have no offices or residences or places of business in the State of California. SYS has no agent, sales representative, manufacturer's representative, exclusive agency or exclusive sales outlet, warehouse, stock of merchandise, property, or bank account in the State of California. SYS, its officers, employees and agents do not own any real property in the State of California. . . . [D]efendant conducts no local advertising in the State of California, maintains no telephone directory listing in the State of California, and does not solicit actively or otherwise any business in the State of California. The stationery of defendant corporation lists no California office or telephone number for defendant. Defendant has never filed or attempted to file a Statement and Designation and Certificate of Good Standing in order to qualify defendant corporation for the transaction of intrastate business in the State of California."

However, while those facts (undenied here) are sufficient to show

tive. On the contrary, they only represent Interdyne in a narrow part of the country. Moreover, Interdyne's agreement with K & J Associates indicates that K & J serve only as an intermediary. That they have no right to sign a contract or to incur any obligation on behalf of, or claim against, Interdyne."

[2]The preliminary orders totalled $3,818.62.

[3]The record before us does not disclose whether the initiative for that request by K & J resulted from a solicitation of SYS by K & J or whether SYS, as a result of the earlier transactions, had asked K & J to communicate with plaintiff. In the view we take of the subsequent events, we do not regard that as material.

[4]In contrast to the small earlier orders, the contract sued on in the case at bench called for a payment in excess of $20,000.

[5]We *gather* from the briefs that defendant, if required to appear, will contend that the equipment shipped did not meet contract specifications.

that defendant was never "present" in California in a sense which would subject it to California jurisdiction over a suit having no significant relationships,[6] they do not necessarily prevent the application of California's "long arm" statute[7] to an action which does involve special contacts with this state. The test, in the latter situation, is whether the contacts with California are sufficient to make it fair in the due process sense for this state to require the foreign corporation to come to California to defend against the charge made.

The parties have cited to us, and have discussed at some length, several cases from the United States Supreme Court, and from the California courts. We think it unnecessary, in this opinion, to write another essay on the subject of jurisdiction over foreign corporations.

The facts as they appear from the record before us disclose a situation which lies somewhere between that held sufficient to support jurisdiction in *American Continental Import Agency* v. *Superior Court (Pasadena Investment Co.)* (1963) 216 Cal.App.2d 317 [30 Cal.Rptr. 654], and that held insufficient to support jurisdiction in *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610 [81 Cal.Rptr. 320]. As in *American Continental,* the goods involved in the contract herein sued on were custom designed and built to the highly special specifications of the buyer, whereas the goods involved in *Tiffany Records* were stock items, already on hand and subject to sale to any buyer. But, unlike *American Continental,* no representative of the buyer ever came to California in connection with the manufacture or purchase; in that respect the facts resemble those of *Tiffany Records.* We can perceive no other material differences in the three cases.[8]

We conclude that the single significant difference between the case at bench and *Tiffany Records* is not sufficient to justify a difference in result. When a California business seeks out purchasers in other states—purchasers who are not "present" in California for general purposes—deals with them only by out-of-state agents or by interstate mail and telephone, it is not entitled to force the customer to come to California to defend an

---

[6]*Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.* (1972) 23 Cal. App.3d 480 [100 Cal.Rptr. 269].

[7]Code of Civil Procedure, section 410.10, which reads as follows: "A court in this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

[8]We note that the goods herein involved were sold to be shipped F.O.B. Santa Monica, California. The opinion in *Tiffany Records* makes no reference to any similar provision and examination of the record in that case discloses no clear indication of the situations therein involved.

action on the contract. The arm of section 410.10 of the Code of Civil Procedure is not long enough to reach buyers who have only such minimal contact with California.[9]

The order appealed from is affirmed.

Files, P. J., and Dunn, J., concurred.

---

[9]We do not deal here with the operation of the doctrine of inconvenient forum (Code Civ. Proc., § 410.30) on a case where jurisdiction is obtained over a foreign corporation by reason of its doing a general business in California. As to that problem, see *Thomson* v. *Continental Ins. Co.* (1967) 66 Cal.2d 738 [59 Cal.Rptr. 101, 427 P.2d 765].