[Civ. No. 34184. First Dist., Div. One. Apr. 2, 1974.]

CORNELL UNIVERSITY MEDICAL COLLEGE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
FIREMAN'S FUND INSURANCE COMPANY et al.,
Real Parties in Interest.

312

## COUNSEL

Brobeck, Phleger & Harrison and Franklin Brockway Gowdy for Petitioner.

No appearance for Respondent.

Augustus Castro and Tone N. Grant for Real Parties in Interest.

## OPINION

**ELKINGTON, J.**—On the petition of Cornell University Medical College, a New York corporation, hereinafter termed "Cornell," we issued an alternative writ of mandate to the Santa Clara County Superior Court. The superior court had denied Cornell's motion to quash service upon it, of summons issued on a cross-complaint of Fireman's Fund Insurance Company (hereafter "Fireman's Fund"), a real party in interest. That judicial act is here under review.

█ The first issue to be considered by us relates to the jurisdiction of this court to entertain the instant proceeding.

Code of Civil Procedure section 418.10, subdivision (a)(1), provides that where a motion to "quash service of summons on the ground of lack of jurisdiction" over a defendant is denied, that party may apply to "an appropriate reviewing court for a writ of mandate . . . ." (§ 418.10, subd. (c).) The application must be made: ". . . within 10 days after service upon him of a written notice of entry of an order of the court denying his motion, or within such further time not exceeding 20 days as the trial court may for good cause allow, . . ." (§ 418.10, subd. (c).)

On the 10th day after service of a written notice of entry of the order, and without having obtained an extension of time, counsel for Cornell placed in the hands of a messenger an appropriate application for mandate, for filing with this court. Through inadvertence the messenger delivered it

to the clerk of the United States Court of Appeals. When, some days later, the application was received by this court we summarily denied it for non-compliance with section 418.10, subdivision (c).

Cornell then returned to the superior court where it made a written application, upon notice to Fireman's Fund, for an extension of time as ordinarily permitted by section 418.10, subdivision (c). After a hearing at which the circumstances of the messenger's error were established, the court ordered that Cornell's "time in which to petition the Court of Appeal for a writ of mandate regarding this court's denial of its motion to quash service of summons may be extended to and including Wednesday, November 21, 1973." That date was within the extended 30-day period initially permitted by section 418.10, subdivision (c).

Within the time prescribed by the superior court Cornell again applied to this court for a writ of mandate. As indicated, on that occasion we issued our alternative writ.

Fireman's Fund's preliminary contention that our summary denial of Cornell's first application must be given res judicata effect is patently invalid. (See *People* v. *Medina,* 6 Cal.3d 484, 491, fn. 6 [99 Cal.Rptr. 630, 492 P.2d 686].)

Principal reliance is placed by Fireman's Fund upon the rule that a statute such as that with which we are here concerned, "carries with it the necessary implication that the application and order for the extension of time must be made within the time fixed by the statute in the first instance for the performance of the act. . . ." (See *Union Iron Wks.* v. *Industrial Acc. Com.,* 190 Cal. 33, 44 [210 P. 410]; see also *Freese* v. *Freese,* 134 Cal. 48, 49 [66 P. 43]; *Curtis* v. *Superior Court,* 70 Cal. 390, 391 [11 P. 652]; *Mumaw* v. *City of Glendale,* 270 Cal.App.2d 454, 458 [76 Cal. Rptr. 245]; *Coast Electric Service, Inc.* v. *Jensen,* 111 Cal.App. 124, 126 [295 P. 346]; *Howell* v. *Pedersen,* 41 Cal.App. 45, 47 [181 P. 674].)

But we observe that such statutes are not "jurisdictional" in the sense that the court is not empowered to grant relief during the period within which time *could have been* extended. Instead, relief from such a default may be granted by the superior court, upon a proper showing under Code of Civil Procedure section 473. (*Mitchell* v. *California, etc. S. S. Co.,* 156 Cal. 576, 578-580 [105 P. 590]; *Banta* v. *Siller,* 121 Cal. 414, 416 [53 P. 935]; *Stonesifer* v. *Kiburn,* 94 Cal. 33, 42-44 [29 P. 332]; *Davis Lumber Co.* v. *Hubbell,* 137 Cal.App.2d 148, 151 [290 P.2d 33]; *S. F. etc. Sch. Dist.* v. *Bd. of Nat. Missions,* 129 Cal.App.2d 236, 243 [276

P.2d 829]; *Soda* v. *Marriott,* 130 Cal.App. 589, 593-594 [20 P.2d 758]; *Wood* v. *Mesmer,* 39 Cal.App. 108, 110 [178 P. 314].)

It is established law that in situations of such a nature that a trial court would have been authorized to grant relief from default under equitable principles or under section 473, a reviewing court may grant similar relief. (*Estate of Keating,* 158 Cal. 109, 115 [110 P. 109]; *Clinton* v. *Shaw,* 57 Cal.App.2d 630, 633-634 [135 P.2d 172]; *Bourne* v. *Root,* 117 Cal.App. 618, 621 [4 P.2d 264]; *Weinmann* v. *Factor,* 63 Cal.App. 592, 593 [219 P. 461]; *Yolo W. & P. Co.* v. *Edmands,* 45 Cal.App. 410, 414 [187 P. 755].)

Applying this authority we have concluded that Cornell has made a proper showing of excusable inadvertence requiring us to entertain its petition for mandate.

We consider now the question whether the superior court's order denying Cornell's motion to quash the service of summons was erroneous.

There was no substantial conflict in the evidence which was presented by the parties to the superior court.

Durrum Instrument Corporation of Palo Alto, California (hereafter "Durrum") was the plaintiff in the action below, which was commenced against Fireman's Fund. It is a California corporation with its principal place of business in Palo Alto, California. It manufactures in California, probably among other things, instruments known as "Amino Acid Analyzers."

During 1972 Cornell, by mail, placed a "Purchase Order" with Durrum at its Palo Alto headquarters for an amino acid analyzer, at a price of $46,200. The order was accepted by Durrum at Palo Alto, by a written "Order Acknowledgment" which was mailed to Cornell. The instrument was thereafter delivered and paid for. Soon thereafter Cornell again communicated by mail with Durrum at Palo Alto expressing an intention to purchase another amino acid analyzer "in the near future." Durrum relayed the communication to its agent in New Jersey, which thereupon wrote Cornell in New York enclosing a price quotation ($40,500), and advising that if "the order number is received later than [November 10, 1972] it may be necessary to reconsider the terms of the enclosed quotation." Within the stated time Cornell placed a "Purchase Order" for the second amino acid analyzer by mail addressed to "Durrum Instrument Corp., c/o [the agent at its address in] Englewood, N.J." The order was forwarded to Durrum at Palo Alto, where it was accepted by an "Order Acknowledgment" which was mailed to Cornell. This instrument was thereafter dam-

aged in transit while en route to Cornell. Responsibility for the damage loss was the subject of the litigation in the superior court.

Other evidence indicated that Cornell had sent descriptive brochures of its medical school to, and had interviewed prospective medical students at, California universities, and had held a banquet in San Francisco in 1971.

Cornell contends that its exposure to California's process in the instant action "violates traditional notions of fair play and substantial justice" contrary to the "Due Process Clause" (see *Internat. Shoe Co.* v. *Washington,* 326 U.S. 310, 316 [90 L.Ed. 95, 101-102, 66 S.Ct. 154, 161 A.L.R. 1057]; *Fisher Governor Co.* v. *Superior Court,* 53 Cal.2d 222, 224 [1 Cal. Rptr. 1, 347 P.2d 1]), and is therefore ineffective.

█ California's Code of Civil Procedure section 410.10 provides that: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

Such an exercise of jurisdiction by the state against a nonresident corporation is consistent with due process and other constitutional principles, when the corporation's activity consists of "an act done or transaction consummated in the forum State" or "some [other] act by which the [corporation] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. . . ." (*Hanson* v. *Denckla,* 357 U.S. 235, 251, 253 [2 L.Ed.2d 1283, 1296, 1298, 78 S.Ct. 1228]; *Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 898 [80 Cal.Rptr. 113, 458 P.2d 57].)

█ The facts being undisputed, the question before us is one of law. (*Cosper* v. *Smith & Wesson Arms Co.,* 53 Cal.2d 77, 81 [346 P.2d 409] [cert. den., 362 U.S. 927 (4 L.Ed.2d 746, 80 S.Ct. 755)]; *Long* v. *Mishicot Modern Dairy, Inc.,* 252 Cal.App.2d 425, 427 [60 Cal.Rptr. 432].)

We are required to consider the "activities" of Cornell within this state in terms of their "quality and nature." (*Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 319 [90 L.Ed. 95, 103-104]; *Empire Steel Corp.* v. *Superior Court,* 56 Cal.2d 823, 832 [17 Cal.Rptr. 150, 366 P.2d 502]; *Harry Gill Co.* v. *Superior Court,* 238 Cal.App.2d 666, 671 [48 Cal.Rptr. 93].) And we are not concerned with the performance of the manufacturer (Durrum) in California; it is *Cornell's* activity in the state which must provide the basis for jurisdiction. (See *Belmont Industries, Inc.* v. *Superior Court,* 31 Cal.App.3d 281, 286 [107 Cal.Rptr. 237].)

Little emphasis or importance may reasonably be placed upon Cornell's banquet and solicitation of medical students within this state, activities

wholly unrelated to the subject of Fireman's Fund's cross-complaint. Except under conditions not present here "the particular cause of action must arise out of or be connected with the defendant's forum-related activity. . . ." (*Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.,* 276 Cal. App.2d 610, 617 [81 Cal.Rptr. 320]; see also *McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199].)

We consider now the "quality and nature" of Cornell's contacts or "activities" within this state, in relation to Fireman's Fund's stated cause of action.

Cornell is a nonprofit educational institution. It purchased the amino acid analyzers for educational and scientific purposes. Its contacts with California, and Durrum, were entirely by mail and in the course of interstate commerce. No intent was shown to encourage or enhance its economic, or its profit, opportunities within California, or to seek the protection of its laws. Certainly the factual context suggests no object of Cornell to "avail itself of the privilege of conducting activities" within California; rather, its purpose was merely to secure two scientific instruments for the use of its medical school in New York.

Recent cases arising out of closely analogous factual situations have held foreign corporations not to be subject to California's process.

In *Interdyne Co.* v. *SYS Computer Corp.,* 31 Cal.App.3d 508 [107 Cal. Rptr. 499], a California manufacturer, following letter and telephone negotiations, entered into a contract for the manufacture of computer parts, and their sale and delivery to a New York computer company. It was held that California had no jurisdiction over the New York corporation in an action for the purchase price of the computer parts. *Belmont Industries, Inc.* v. *Superior Court, supra,* 31 Cal.App.3d 281, concerned California and Pennsylvania corporations which by telephone and mail entered into a contract for engineering services calculated to further the economic interest of both parties. The services were performed in California by the California corporation. The Pennsylvania corporation was held not subject to California's jurisdiction in an action for the value of the services. And in denying California's jurisdiction over a foreign corporation the court in *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc., supra,* 276 Cal.App.2d 610, 615, stated: "There were, in essence, no more than purchases of goods from a California seller by foreign purchasers whose only contact with California was that orders for records were accepted by appellant in California and the records were shipped from California."

We find no authority, and none has been presented to us, where Cali-

fornia's jurisdiction over a foreign corporation has been permitted under facts reasonably similar to the case at bench. In *Henry R. Jahn & Son* v. *Superior Court,* 49 Cal.2d 855, 861 [323 P.2d 437], a case heavily relied upon by Fireman's Fund, the court stated: "We need not here determine whether an action arising from an isolated purchase of goods here through interstate communication would subject Jahn to the jurisdiction of the California courts. . . ." And while it is true that a state's jurisdiction may attend a single isolated transaction within the state, an examination of the cases so holding discloses contracts "which had substantial contacts" with the state asserting jurisdiction. (See *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223; *Long* v. *Mishicot Modern Dairy, Inc., supra,* 252 Cal.App.2d 425, 429.) Such substantial contacts are not apparent in the case at bench.

From all of the foregoing we conclude, and hold, that California has no jurisdiction over Cornell with respect to the instant action. The superior court's order denying the motion to quash service of summons was accordingly erroneous.

The peremptory writ of mandate will issue.

Molinari, P. J., and Sims, J., concurred.

The petition of real party in interest Fireman's Fund for a hearing by the Supreme Court was denied May 29, 1974.