[No. B107423. Second Dist., Div. Six. Aug. 7, 1997.]

BLAKE HALL, Plaintiff and Appellant, v.
BRAD LaRONDE, Defendant and Respondent.

**COUNSEL**

Kevin M. Fillo for Plaintiff and Appellant.

Archbald & Spray, J. William McLafferty, Peri Maziarz and Karen Burgett for Defendant and Respondent.

**OPINION**

**GILBERT, J.**—Here the long arm of the Internet reaches from California to New York. We hold that the use of electronic mail and the telephone by a party in another state may establish sufficient minimum contacts with California to support personal jurisdiction. We reverse a judgment of dismissal arising from the trial court's grant of defendant's motion to quash service.

### FACTS

Appellant, Blake Hall alleged in his complaint that in September of 1994 he entered into a contract with Brad LaRonde doing business as LaRonde Technical Consulting. The contract authorized LaRonde to sell licenses for the use of a computer software application to the general public. LaRonde agreed to compensate Hall by paying him $1 for every license sold. Hall received payments for sales through September of 1995 in the amount of $2,633.60. Although LaRonde continued to market the application, Hall has received no further payments.

The complaint further alleged that Hall is a resident and maintains his principal place of business in Manhattan Beach, California.[1] LaRonde, however, maintains his principal place of business in Skaneateles, New York.

LaRonde made a motion to quash service of the summons on the ground that the courts in California have no jurisdiction. LaRonde claimed that sufficient minimum contacts with California were lacking.

---

[1] Code of Civil Procedure section 395, subdivision (a) provides in part, "If none of the defendants reside in the state . . . the action may be tried in any county which the plaintiff may designate in his or her complaint . . . ."

Hall submitted an affidavit in opposition to the motion. Hall declared that he originally contacted LaRonde by electronic mail. The contact concerned a software module Hall had written. LaRonde responded with the idea of integrating Hall's module into LaRonde's software package. LaRonde suggested various modifications. Hall made the modifications and the module was incorporated into LaRonde's retail product.

Hall declared that after he furnished the module, he continued to assist LaRonde in upgrading its application to new and existing software. For example, when the new Microsoft Word 6.0 came out, Hall had to make adjustments to his module to work smoothly with that program.

Hall stated that he performed all the work on the module in California; that all negotiations were conducted by electronic mail and telephone; and that he had no other business or personal connections with New York. LaRonde did not contradict the statements made by Hall.

At the hearing on the motion, Hall asked for a continuance to allow discovery into whether LaRonde has other contacts with California that might confer general jurisdiction. The court denied Hall's request for a continuance. The court granted LaRonde's motion to quash and ordered the case dismissed.

## DISCUSSION

■ Each person has a liberty interest in not being subject to judgments of a forum with which he or she has no minimum contacts. *(Von's Companies, Inc.* v. *Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445 [58 Cal.Rptr.2d 899, 926 P.2d 1085].) The requirement of minimum contacts ensures that the assertion of jurisdiction does not violate " 'traditional notions of fair play and substantial justice.' " *(Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95, 102, 161 A.L.R. 1057].)

■ Personal jurisdiction may be either general or specific. Where a nonresident's contacts with the forum state are " 'substantial . . . continuous and systematic,' " a court may assert general jurisdiction over the person of the nonresident. *(Von's Companies, Inc.* v. *Seabest Foods, Inc., supra,* 14 Cal.4th at p. 445.) Such general jurisdiction does not require a connection between the specific transaction at issue and the forum state. *(Ibid.)*

■ Hall does not contend there is sufficient evidence to support a finding of general jurisdiction. He attributes the lack of such evidence to the trial court's error in denying him the right to conduct discovery on the issue.

Hall, nevertheless, contends the evidence shows sufficient minimum contacts for specific jurisdiction.

■ Specific jurisdiction may be asserted where the defendant has purposefully availed himself of forum benefits and the controversy is related to or arises out of the defendant's contacts with the forum. (*Von's Companies, Inc.* v. *Seabest Foods, Inc., supra,* 14 Cal.4th at p. 446.) Sufficient minimum contacts for specific jurisdiction exist where a nonresident " 'deliberately' has engaged in significant activities within a [s]tate [citation] or has created 'continuing obligations' between himself and residents of the forum. [Citation.]" (*Burger King Corp.* v. *Rudzewicz* (1985) 471 U.S. 462, 475-476 [105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543].)

■ Where, as here, there is no conflict in the evidence, the question of personal jurisdiction is one of law. (*Great-West Life Assurance Co.* v. *Guarantee Co. of North America* (1988) 205 Cal.App.3d 199, 204 [252 Cal.Rptr. 363].) In such a case, the lower court's determination is not binding on the reviewing court. (*Ibid.*)

■ LaRonde argues that *Interdyne Co.* v. *SYS Computer Corp.* (1973) 31 Cal.App.3d 508 [107 Cal.Rptr. 499] is on point. There, the plaintiff was a California corporation. Plaintiff's sales representative contacted defendant in New Jersey. The contact resulted in some small orders placed through an intermediary. Later, the intermediary asked plaintiff to submit a quote to defendant. This led to direct communication between the parties. Negotiations over the contract were carried on by letter and telephone over a period of several months. Ultimately, the parties reached an agreement and plaintiff shipped the goods. When defendant failed to pay, plaintiff sued in California. Other than the contacts with plaintiff, defendant had no contact with California.

The Court of Appeal upheld the trial court's decision to grant defendant's motion to quash. In doing so, the court stated: "The facts as they appear from the record before us disclose a situation which lies somewhere between that held sufficient to support jurisdiction in *American Continental Import Agency* v. *Superior Court (Pasadena Investment Co.)* (1963) 216 Cal.App.2d 317 [30 Cal.Rptr. 654] and that held insufficient to support jurisdiction in *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610 . . . ." (*Interdyne Co.* v. *SYS Computer Corp., supra,* 31 Cal.App.3d at p. 511.) The court opined that the only significant difference between the cases is that in *Tiffany Records, Inc.* v. *M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610 [81 Cal.Rptr. 320], where the facts were held insufficient to support jurisdiction, no representative of the defendant buyer ever came to California in connection with the purchase. (31 Cal.App.3d at p. 511.)

The court concluded, "When a California business seeks out purchasers in other states—purchasers who are not 'present' in California for general purposes—deals with them only by out-of-state agents or by interstate mail and telephone, it is not entitled to force the customer to come to California to defend an action on the contract." (*Interdyne Co.* v. *SYS Computer Corp.*, *supra*, 31 Cal.App.3d at pp. 511-512.)

Unlike the court in *Interdyne*, we do not believe that the physical presence of a representative of the defendant in California should be determinative. Much has happened in the role that electronic communications plays in business transactions since *Interdyne* was decided more than 20 years ago. The speed and ease of such communications have increased the number of transactions that are consummated without either party leaving the office. There is no reason why the requisite minimum contacts cannot be electronic.

It is uncontroverted that Hall reached out to New York in a search for business. It is also uncontroverted that LaRonde reached back to California. The record shows that LaRonde's contacts with California consisted of more than simply purchasing a software module from Hall. LaRonde worked with Hall to integrate the module into LaRonde's software package. Even after the initial adaptation was finished, LaRonde continued to work with Hall to modify the module for new and existing software. In addition, the contract contemplated that LaRonde would make continuing royalty payments to Hall. Thus, LaRonde created a " 'continuing obligation[]' " between himself and a resident of California. (*Burger King Corp.* v. *Rudzewicz*, *supra*, 471 U.S. at pp. 475-476 [105 S.Ct. at p. 2184, 85 L.Ed.2d at p. 543].)

LaRonde's contacts with California were more than " 'random,' 'fortuitous,' or 'attenuated.' " (*Burger King Corp.* v. *Rudzewicz*, *supra*, 471 U.S. at p. 475 [105 S.Ct. at p. 2183, 85 L.Ed.2d at p. 542].) Nor were the contacts the " 'unilateral activity of another party or third person.' " (*Ibid.*) LaRonde purposefully derived a benefit from interstate activities. (*Id.*, at pp. 473-474 [105 S.Ct. at pp. 2182-2183, 85 L.Ed.2d at p. 541].) It is fair to require that he account in California for the consequences that arise from such activities. (*Ibid.*)

Where, as here, the plaintiff establishes sufficient minimum contacts, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." (*Burger King Corp.* v. *Rudzewicz*, *supra*, 471 U.S. at p. 477 [105 S.Ct. at p. 2185, 85 L.Ed.2d at p. 544].) LaRonde fails to point to any place in the record where he raised such considerations in the trial court. For the first time on appeal he claims that maintaining the action in California would effectively deprive him of his right to represent himself.

Not only is LaRonde's claim late, it is hardly the type of "compelling case" the court in *Burger King* had in mind. Such a claim, if accepted, could be used to defeat jurisdiction in most cases where out-of-state residents are defendants. Moreover, the claim is entirely hypothetical. LaRonde has been represented by counsel throughout this action.

The judgment is reversed. Costs on appeal are awarded to Hall.

Stone (S. J.), P. J., and Yegan, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 22, 1997.