[No. D034797. Fourth Dist., Div. One. May 31, 2000.]

JANETTER HUNT et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
COMMERCIAL MONEY CENTER, Real Party in Interest.

**COUNSEL**

Murphey & Murphey, Matthew D. Murphey and Stephanie Pearce Alexander for Petitioners.

No appearance for Respondent.

Solomon, Grindle, Silverman & Spinella, Richard A. Solomon and Benjamin T. Morton for Real Party in Interest.

## OPINION

**McDONALD, J.**—Janetter Hunt (Janetter) signed an agreement in the form of an equipment lease (the lease) to finance the acquisition of equipment for her Maryland business, and Michael Hunt (Michael; Janetter and Michael together, the Hunts) guaranteed Janetter's obligations under the lease. The Hunts reside in Maryland, all negotiations to acquire the equipment occurred in Maryland, the documents to consummate the transaction were signed in Maryland, and the equipment was to be delivered in Maryland. The only California connection to the transaction was that real party in interest Commercial Money Center (CMC), the company that financed the transaction, had an office in Escondido, California and processed and managed the financing lease at that office.

CMC sued the Hunts in San Diego County Superior Court, alleging breach of the lease and guaranty. The Hunts moved to quash service of summons for lack of personal jurisdiction. The trial court denied the motion based on a forum selection clause in the guaranty. The Hunts petition this court for a writ of mandate, seeking reversal of the trial court's order. We issued an order to show cause and the parties waived oral argument.

I

### FACTUAL AND PROCEDURAL BACKGROUND °

#### A. *Relevant Facts*

Janetter operates a hairstyling salon in Maryland. In May 1998 she shopped at a store in Maryland for equipment for the salon. She told the store owner, Mr. Gertler, that she would need financing to buy the equipment but was not optimistic she could qualify for a loan because the Small Business Administration had recently denied her request for a loan. Gertler said he could arrange financing for her.

Approximately one week later, Gertler sent Janetter a credit application, which she completed and returned. One day after she returned the credit application to Gertler, he contacted her and stated her application for credit had been approved. Approximately two weeks later Jim, an employee of Gertler, delivered several financing documents to her. On several occasions during the following week, Jim and Gertler called Janetter at her Maryland salon to ask if she had signed the documents. Jim then appeared at the salon to ask her for the signed documents. Janetter signed and delivered to Jim the lease and a guaranty signed by Janetter and Michael. CMC was the named lessor in the lease.

The equipment was never delivered to Janetter. However, CMC telephoned Janetter to demand payment under the equipment financing lease. This telephone call was her first direct contact with CMC. Janetter told CMC she would not pay for equipment she never received. Several months later, this lawsuit ensued.

## B. *The Proceedings Below*

CMC's San Diego County Superior Court action against the Hunts sought recovery of the amounts due under the lease and guaranty. The Hunts moved to quash service of summons for lack of personal jurisdiction. CMC opposed the motion by arguing that language in the guaranty constituted a forum selection agreement permitting California to assert personal jurisdiction over them. The court denied the Hunts' motion, and this petition for a writ of mandate followed.

## II

### ANALYSIS

## A. *General Principles*

A petition for writ of mandate is the appropriate method to challenge an order denying a motion to quash service of summons for lack of personal jurisdiction. (*McCorkle v. City of Los Angeles* (1969) 70 Cal.2d 252, 256-257 [74 Cal.Rptr. 389, 449 P.2d 453].) Our review is de novo because the facts are undisputed (*Hall v. LaRonde* (1997) 56 Cal.App.4th 1342, 1346 [66 Cal.Rptr.2d 399]) and because the controlling issue is the proper construction of the terms of a written contract. [1] (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1166 [6 Cal.Rptr.2d 554].)

California may assert personal jurisdiction over a nonresident in a variety of circumstances. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction,

---

[1]CMC argues we must adhere to the more deferential abuse of discretion standard because a trial court's decision to enforce or refuse enforcement of a forum selection clause will be disturbed only for an abuse of discretion. (*Bancomer, S. A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1457 [52 Cal.Rptr.2d 435].) Although CMC's contention is correct in the abstract, it is irrelevant unless we first conclude there exists a valid forum selection clause conferring jurisdiction on California. Because our de novo review concludes that no forum selection clause nominating California exists in the lease or guaranty, there is no discretionary determination for the trial court to make regarding its enforcement.

§ 110, pp. 648-649.) CMC relies on two principal bases for personal jurisdiction in this proceeding.[2] First, CMC asserts the Hunts had sufficient minimum contacts with California. (*Titus v. Superior Court* (1972) 23 Cal.App.3d 792, 799-800 [100 Cal.Rptr. 477].) Second, CMC argues they consented to personal jurisdiction through a forum selection clause in the guaranty. (*Lu v. Dryclean-U.S.A. of California, Inc.* (1992) 11 Cal.App.4th 1490, 1493 [14 Cal.Rptr.2d 906].) We examine each of these claims.

### B. *Personal Jurisdiction Is Improper Under a Minimum Contacts Approach*

■ The undisputed facts show that all relevant events connected with Janetter's efforts to buy the equipment and to arrange financing for that purchase occurred in Maryland between Maryland residents. The only contact with California was the Maryland vendor's use of a California company to process, approve and supply the financing for the purchase.

The courts have repeatedly refused to find minimum contacts under substantively indistinguishable circumstances. When an out-of-state resident's only contact with California is a single purchase from a California vendor of goods for delivery out of state, there are insufficient minimum contacts to establish personal jurisdiction even though the California vendor supplies financing to the buyer. (*Futuresat Industries, Inc. v. Superior Court* (1992) 3 Cal.App.4th 155, 159-161 [4 Cal.Rptr.2d 74].) Although regular purchasing activities in this state may be a basis for jurisdiction over an out-of-state buyer, the predominant rule in the federal courts (see *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.* (11th Cir. 1986) 786 F.2d 1055 [citing extensive authority]) and in California (see *Cornell University Medical College v. Superior Court* (1974) 38 Cal.App.3d 311, 315-316 [113 Cal.Rptr. 291]; *Interdyne Co. v. SYS Computer Corp.* (1973) 31 Cal.App.3d 508 [107 Cal.Rptr. 499]; *Belmont Industries, Inc. v. Superior Court* (1973) 31 Cal.App.3d 281 [107 Cal.Rptr. 237]; *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.* (1969) 276 Cal.App.2d 610, 615 [81 Cal.Rptr. 320]) is that a nonresident making a one-time purchase of goods from a seller in the forum state cannot be constitutionally subject to the exercise of personal jurisdiction by the courts of the seller's state.

The facts here present fewer contacts with California than were present in *Futuresat Industries, Inc. v. Superior Court, supra,* 3 Cal.App.4th 155. In *Futuresat,* the buyer bought goods from a California seller. However, as

---

[2]The Hunts moved to strike CMC's return and exhibits filed in opposition to the Hunts' petition based on procedural irregularities. We deny the Hunts' motion to strike and consider CMC's arguments on their merits.

here, the buyer maintained no economic presence and did no business in California, the documentation for the purchase was executed outside of California, and the California seller provided financing to the nonresident buyer. Indeed, the *Futuresat* buyer had more contact with California than did the Hunts because the *Futuresat* defendant engaged in direct and repeated communications with California residents to negotiate the purchase, and Janetter had only intra-Maryland communications and dealt only with Maryland residents. The *Futuresat* court found insufficient contacts to permit jurisdiction over the buyer. We conclude under *Futuresat* the level of contact here is insufficient to permit California jurisdiction under a minimum contacts approach.[3]

### C. The Purported Forum Selection Clause Does Not Permit California to Assert Jurisdiction over the Hunts

Even absent sufficient contacts, CMC argues jurisdiction is proper because the Hunts consented to California's exercise of personal jurisdiction over them under a forum selection clause in the guaranty. The guaranty states that the Hunts ". . . FREELY CONSENT TO PERSONAL JURISDICTION OF THE APPLICABLE JURISDICTION AND . . . WAIVE TRIAL BY JURY." We must examine whether this clause constituted a valid forum selection clause by which the Hunts agreed to submit to California's jurisdiction.[4]

---

[3]CMC cites *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462 [105 S.Ct. 2174, 85 L.Ed.2d 528] and *Safe-Lab, Inc. v. Weinberger* (1987) 193 Cal.App.3d 1050 [238 Cal.Rptr. 712] to argue the contractual choice of law clause, which appears to provide that California law controls disputes under the agreement (see *post*), is a factor to be considered and should here be held to have created sufficient minimum contacts as a purposeful availment of the benefits and protections of local law. Neither case supports CMC's argument. In *Safe-Lab,* the nonresident was hired as a marketing representative for a California corporation. The *Safe-Lab* court subjected the nonresident to California jurisdiction because of his extensive contacts with California, including the facts that he negotiated his contract in California, made monthly trips to California to consult with the plaintiff on marketing strategy, and 5 percent of his marketing efforts were in California. (193 Cal.App.3d at pp. 1053-1054.) No similar facts exist here. In *Burger King,* although the court noted a choice of law clause should not be ignored, the court expressly cautioned that "such a provision standing alone would be insufficient to confer jurisdiction . . . ." (*Burger King, supra,* at p. 482 [105 S.Ct. at p. 2187].) That cautionary language applies here because the Hunts' only contact with California is the lease and guaranty choice of law provision.

[4]CMC points out that when a valid forum selection clause exists it will be enforced unless the resisting party meets a heavy burden of proving enforcement would be unreasonable under the circumstances, and that the trial court's decision to enforce or refuse enforcement of a forum selection clause will only be disturbed for an abuse of discretion. (*Bancomer, S. A. v. Superior Court, supra,* 44 Cal.App.4th at p. 1457.) The Hunts agree with that proposition when a forum selection clause is mandatory in nature, but argue the present clause is at most a permissive forum selection clause calling for application of the same standards used to determine ordinary forum non conveniens motions. (*Berg v. MTC Electronics Technologies*

■ Courts will enforce forum selection clauses contained in a contract freely and voluntarily negotiated at arm's length unless enforcement would be unfair or unreasonable. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495-496 [131 Cal.Rptr. 374, 551 P.2d 1206].) Although the forum selection clause here is contained in an adhesion contract, that clause in an adhesion contract is enforceable even though the defendant did not actually read it (*Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 590-595 [111 S.Ct. 1522, 1525-1528, 113 L.Ed.2d 622]) as long as the clause provided adequate notice to the defendant that he was agreeing to the jurisdiction cited in the contract. *(Carnival Cruise Lines, Inc. v. Superior Court* (1991) 234 Cal.App.3d 1019, 1026-1027 [286 Cal.Rptr. 323].) However, when the clause does not give adequate notice to the defendant that he is agreeing to the jurisdiction cited in the contract, "the requisite mutual consent to that contractual term is lacking and no valid contract with respect to such clause thus exists. [Citations.]"[5] *(Carnival Cruise Lines, Inc. v. Superior Court, supra*, 234 Cal.App.3d at p. 1027.)

■ Our review of the guaranty and lease convinces us the quoted clause did not give sufficient notice that agreeing to the "applicable jurisdiction" was an agreement to litigate disputes in California. The clause on its face recites only that the Hunts agree to submit to jurisdiction in the applicable jurisdiction and to waive jury trial. Standing alone, the clause does not identify California as the applicable jurisdiction. Accordingly, unless the documents elsewhere clearly define the term "applicable jurisdiction" as used in the guaranty to mean California, the Hunts' signatures on the guaranty are not indicative of a valid forum selection clause; it does not give them notice they were consenting to California as the selected forum.

The guaranty does not define applicable jurisdiction. Instead, CMC relies on paragraph 18 of the lease to define that term. Paragraph 18 of the lease states: "18. GOVERNING LAW. As used in this paragraph 18, 'Applicable Jurisdiction' means the state, as the same may change from time to time, where the holder of the Lessor's interest in this Lease maintains its principal office responsible for administering this Lease. This Lease and any guaranty

---

Co. (1998) 61 Cal.App.4th 349, 356-363 [71 Cal.Rptr.2d 523].) We express no opinion on whether it would have been an abuse of discretion to deny a motion to stay or transfer the action under forum non conveniens principles because that motion was not made below. Instead, the sole issue raised and litigated below, and the only issue properly before this court, is whether personal jurisdiction is proper.

[5]In a related context, the court in *In re Marriage of Merideth* (1982) 129 Cal.App.3d 356, 362 [180 Cal.Rptr. 909] held that unless the document signed by the defendant clearly informs him that his signature subjects him to the jurisdiction of California courts, the courts will not infer that he consented to jurisdiction. (See also *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1358 [46 Cal.Rptr.2d 412] [language of forum selection clause must be clear and unambiguous].)

hereof shall be interpreted and construed in accordance with, and governed by, the laws of the Applicable Jurisdiction applicable to lease and guaranty agreements respectively, made and to be fully performed in the Applicable Jurisdiction."

CMC argues that because paragraph 18 of the lease states the applicable jurisdiction is the state in which the lessor maintains its principal office responsible for administering the lease, and the lease identifies CMC as the lessor and lists its Escondido, California address as its location, the term "applicable jurisdiction" as used in the forum selection clause of the guaranty is defined under paragraph 18 of the lease to be California.

However, paragraph 18 is on its face a choice of law provision rather than a forum selection or definitional section. (*Smith, Valentino & Smith, Inc. v. Superior Court, supra,* 17 Cal.3d at p. 494 [distinguishing between forum selection and choice of law clause].) More importantly, paragraph 18 specifically limits its definition of applicable jurisdiction by stating that, "[a]s used in this paragraph 18, 'Applicable Jurisdiction' means the state" of the lessor's principal office for administering the lease. Because paragraph 18 expressly limits its definitional ambit to the choice of law provisions of paragraph 18, and does not purport to expand it beyond paragraph 18 (including the forum selection clause), we give effect to paragraph 18's internal limitations and construe it to be applicable only to choice of law issues. (*Hunt Wesson Foods, Inc. v. Supreme Oil Co.* (9th Cir. 1987) 817 F.2d 75, 77-78 [construe forum selection clause based on plain meaning of language used].) Even assuming ambiguity arises out of the use of the same term in both the forum selection and choice of law provisions, we construe any ambiguity against the drafter of the documents. (*Ibid.*) If we construe the contract against CMC we reach the same conclusion: paragraph 18's internal definition is applicable only to choice of law issues and has no application beyond choice of law issues.

We conclude the forum selection clause in the guaranty is not given definitional content by paragraph 18 of the lease. Accordingly, the Hunts' agreement to submit to jurisdiction in the applicable jurisdiction is not a valid forum selection clause compelling the Hunts to litigate in California because it does not give notice, much less adequate notice, that they were consenting to have California exercise personal jurisdiction over them in a dispute involving the lease and guaranty.

### DISPOSITION

Let a writ of mandate issue directing the Superior Court of San Diego County to vacate its order of December 9, 1999, and to enter a new and

different order granting petitioners' motion to quash service of summons for lack of personal jurisdiction over petitioners. Petitioners shall recover costs incurred in connection with this writ proceeding.

Benke, Acting P. J., and Nares, J., concurred.