544

## CIRCUIT COURT OF FAIRFAX COUNTY

National Credit
Control Agency

    v.

Dae Woo Video, Inc.

November 30, 2009

Case No. CL-2007-10394

By Judge Jane Marum Roush

This matter came on for a hearing on November 6, 2009, on the Defendant's Motion to Vacate Judgment and Strike Debtor Interrogatories. At that time, the Court took the matter under advisement. I have now had the opportunity fully to consider the parties' arguments and to review the applicable law. For the reasons stated below, Defendant's Motion to Vacate Judgment and Strike Debtor Interrogatories will be granted.

*Background*

On April 4, 2005, Musictown Distribution, Inc. ("Musictown") obtained a default judgment in the Superior Court of the State of California, Central District, County of Los Angeles, against Dae Woo Video, Inc. ("Dae Woo" or the "defendant"). The amount of the judgment was $14,616.45. National Credit Control Agency ("National Credit" or the "plaintiff") is the assignee of Musictown's rights as a judgment creditor of Dae Woo.

The judgment represented the unpaid balance of Dae Woo's open account with Musictown. Dae Woo had placed approximately twenty orders for merchandise from Musictown over a period of four months. After mailing nine valid checks in payment to Musictown in California, Dae Woo stopped payment on the tenth check.

The California judgment was docketed against Dae Woo in this court on May 24, 2007. The plaintiff has initiated collection efforts against Dae Woo. In response, Dae Woo filed the Motion to Vacate Judgment and Strike Debtor Interrogatories, contending that the judgment is void because the California court did not have personal jurisdiction over it under California's long arm statute.

## Question Presented

Having been docketed in Virginia, the California judgment against Dae Woo "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a [Virginia] judgment." Va. Code Ann. § 8.01-465.2.

Under Va. Code Ann. § 8.01-428(A), a default judgment may be set aside if, among other reasons, the judgment is void. If the court entering the default judgment is without jurisdiction over the defendant, the judgment is void. *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990).

The question in this case thus becomes did the California court have proper personal jurisdiction over Dae Woo when it entered the default judgment.

The Full Faith and Credit Clause of the United States Constitution mandates that a judgment of one state be respected in another, provided that the first state had jurisdiction over the parties and subject matter. *Nero v. Ferris*, 222 Va. 807, 814, 284 S.E.2d 828 (1981). When domesticating a foreign judgment, a court may inquire into the foreign court's jurisdiction without offending the Full Faith and Credit Clause. *Id.*

If the defendant enters a special appearance in the foreign court and the issue of jurisdiction is fully and fairly litigated, other states must give full faith and credit to the original state's determination that it had jurisdiction. *Tomai-Minogue v. State Farm Mutual*, 770 F.2d 1228 (4th Cir. 1985). Where the defendant does not appear, however, and suffers a default judgment, the issue of jurisdiction has not been fully and fairly litigated and may be inquired into by other jurisdictions. *Id.*

In this case, the judgment of the Superior Court of California was entered by default against Dae Woo. Accordingly, the issue of jurisdiction was not fully and fairly litigated. This court may examine the California court's

jurisdiction over Dae Woo without offending the Full Faith and Credit Clause. If this court finds that the California court lacked personal jurisdiction over Dae Woo, it may vacate the judgment docketed in Virginia.

*Discussion*

California's long-arm statute provides that California may exercise jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States." Cal. Code Civ. Proc. § 410.10. A nonresident defendant must have such minimum contacts with the state that jurisdiction does not violate traditional notions of fair play and substantial justice. *Vons Companies, Inc. v. Seabest Foods, Inc.* 14 Cal. 4th 434, 464, 58 Cal. Rptr. 2d 899, 926 P.2d 1085 (1996).

California courts have personal jurisdiction over a defendant if: "(1) the defendant purposefully availed itself of the benefits of conducting activities in [California]; (2) the controversy arises out of or is related to the defendant's [California] contacts; and (3) the exercise of jurisdiction would be fair and reasonable. . . . [A] court must weigh the facts in each case to determine whether the defendant's contacts with [California] are sufficient." *HealthMarkets, Inc. v. Superior Court*, 171 Cal. App. 4th 1160, 1167, 90 Cal. Rptr. 3d 527 (2009).

A defendant has "purposefully availed itself of the benefits of conducting activities in the forum state" where the defendant has "deliberately engaged in significant activities within the forum" so that the defendant has "fair warning" that he or she might be subject to personal jurisdiction within the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *HealthMarkets, Inc. v. Superior Court*, 171 Cal. App. 4th 1160, 1166, 90 Cal. Rptr. 3d 527 (2009).

In interpreting California's long-arm statute, California courts have ruled that a defendant must "avail itself of the privilege of conducting activities within California." *Cornell Univ. Medical College v. Superior Court*, 38 Cal. App. 3d 311, 317, 113 Cal. Rptr. 291 (1974). In *Cornell University*, the court held that purchases made by the defendant without the intent to develop economic opportunities within California or to seek the protection of its laws did not amount to purposefully availing itself of the benefits of conducting activities in California. *Id.*

In this case, there is no allegation that Dae Woo attempted to develop economic opportunities within California or seek the protection of California's laws. Dae Woo simply ordered merchandise to be sent from Musictown's place of business in California to Dae Woo's place of business in Virginia.

National Credit's principal argument is that Dae Woo's purchases and the check on which Dae Woo stopped payment create sufficient minimum contacts with California for the California court to exercise personal jurisdiction over Dae Woo. California courts, however, have declined to find jurisdiction against out-of-state buyers except where extensive business was conducted in California. *Cornell Univ. Medical College v. Superior Court*, 38 Cal. App. 3d 311, 316, 113 Cal. Rptr. 291 (1974); *Interdyne Co. v. SYS Computer Corp.*, 31 Cal. App. 3d 508, 107 Cal. Rptr. 499 (1973); *Belmont Industries, Inc. v. Superior Court*, 31 Cal. App. 3d 281, 107 Cal. Rptr. 237 (1973); *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal. App. 2d 610, 615, 81 Cal. Rptr. 320 (1969).

In *Interdyne Co. v. SYS Computer Corp.*, 31 Cal. App. 3d 508, 511, 107 Cal. Rptr. 499 (1973), for example, the court held that, "[w]hen a California business seeks out purchasers in other states — purchasers who are not 'present' in California for general purposes — [and] deals with them only by out-of-state agents or by interstate mail or telephone, it is not entitled to force the customer to come to California to defend an action on the contract." *Id.* at 511-12.

*Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal. App. 2d 610, 81 Cal. Rptr. 320 (1969), is factually similar to this case. In *Tiffany Records*, the out-of-state defendants were distributors who placed orders for large numbers of phonograph records over a six-year period. *Id.* at 615. The records were shipped from California to the defendants, who never came to California in connection with the purchases. *Id.* "There were, in essence, no more than purchases of goods from a California seller by foreign purchasers whose only contact with California was that orders for records were accepted by appellant in California and the records were shipped from California." *Id.* The court in *Tiffany Records* held that these contacts were insufficient for California to assert long-arm jurisdiction over the defendant distributors when they were sued in California for nonpayment.

National Credit relies on *Henry R. Jahn & Son, Inc. v. Superior Court*, 49 Cal. 2d 855, 323 P.2d 437 (1950), to support its argument that personal jurisdiction in California can be based on purchasing activities alone. The facts of that case, however, reveal more activity in California beyond simple purchase orders. For example, the defendant in Jahn twice sent one of its auditors to California to check on orders and, if they were properly filled, to pay for them. *Id.* at 863. See also, *Tiffany Records, Inc. v. M. B. Krupp Distributors, Inc.*, 276 Cal. App. 2d 610, 616, 81 Cal. Rptr. 320 (Cal. Ct. App. 1969) (distinguishing Jahn); *Cornell Univ. Medical College v. Superior Court*, 38 Cal. App. 3d 311, 318, 113 Cal. Rptr. 291 (1974) (distinguishing *Jahn* and holding that California requires "substantial contacts" for jurisdiction).

## Conclusion

Dae Woo's contacts with California were limited to placing orders from Virginia for merchandise to be shipped from California to Virginia. California courts have regularly found that such contacts do not justify the exercise of personal jurisdiction over the out-of-state purchaser. I conclude that the California court did not have personal jurisdiction over Dae Woo. Defendant's Motion to Vacate Judgment and Strike Debtor Interrogatories will be granted.